UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| BILLY W. LOCKE, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-00094-TRM-CHS |
| | ) | |
| NATHAN STILES, | ) | |
| *Defendant*. | ) | |

## REPORT AND RECOMMENDATION

The Order entered by this Court on August 1, 2023, is hereby **VACATED**, and this Report and Recommendation shall be entered. [1]

This matter is before the Court upon Plaintiff Billy W. Locke's motion to proceed *in forma pauperis* [Doc. 9], "Motion on Fees and Cost" [Doc. 10], and "Motion for Cost" [Doc. 12]. For the reasons stated herein, it is **RECOMMENDED** that Plaintiff's motions be **DENIED** and that Plaintiff be given THIRTY-FIVE (35) days in which to pay the filing fee of $350.00 or the District Court dismiss this action.

Plaintiff is, and was at the time he filed this action, incarcerated at the Morgan County Correctional Complex in Wartburg, Tennessee. He has filed three previous civil actions in this Court, all of which have been dismissed for failure to state a claim: *Locke v. McMinn County Jail*, 1:22-cv-00002-TRM-CHS; *Locke v. United States*, 1:22-cv-00003-TRM-CHS; and *Locke v. Ruebush*, 1:22-cv-00092-JRG-CHS. Plaintiff filed each of these actions while incarcerated at the Morgan County Correctional Complex.

---

[1] The Court originally entered an order denying Plaintiff Billy W. Locke's motion to proceed in forma pauperis [Doc. 9], "Motion on Fees and Cost" [Doc. 10] and "Motion for Cost" [Doc. 12]. However, a magistrate judge cannot deny a motion for leave to proceed in forma pauperis; rather, a magistrate judge may only *recommend* that such a motion be denied. *See Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990).

The Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. §1915(a), provides the Court's authority to grant a prisoner's application to proceed *in forma pauperis* in a civil action. *See* 29 U.S.C. § 1915(a). However, the PLRA also provides, in relevant part, that ["i]n no event shall a prisoner bring a civil action . . . or proceeding under this section if the prisoner has, on three occasions, while incarcerated or detained in any facility brought an action . . . in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury." 28 U.S.C. § 1915(g). As previously noted, on three prior occasions, Mr. Locke, who is currently a prisoner, brought actions, while incarcerated, in this United States District Court, all of which have been dismissed for failure to state a claim. The present action concerns events that allegedly occurred in 2020. Mr. Locke does not allege he is in imminent danger of serious physical injury. Consequently, Mr. Locke cannot proceed *in forma pauperis.* 28 U.S.C. § 1915(g).

Alternatively, Mr. Locke asks this Court for permission to pay the filing fee from the judgment he expects to obtain against Defendant Nathan Stiles ["Motion on Fees and Cost," Doc. 10] or to assess the filing fee against Defendant Nathan Stiles ["Motion for Cost," Doc. 12]. Plaintiff provides no authority for the Court to grant either of these requests, and the Court is aware of none.

Accordingly, for the reasons stated herein, it is **RECOMMENDED**[2] that**:**

1. Plaintiff's Motion to Proceed *in forma pauperis* [Doc. 9] be **DENIED**.

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

2. Plaintiff's "Motion on Fees and Cost" [Doc. 10] be **DENIED**.

3. Plaintiff's "Motion for Cost" [Doc. 12] be **DENIED**.

4. Plaintiff be given **THIRTY-FIVE (35) DAYS** from entry of this Order to pay to the Clerk of Court the $350.00 filing fee or, if Plaintiff fails to pay the filing fee, the District Court **DISMISS** this action for failure to prosecute.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE